**SO ORDERED.**
**SIGNED this 6th day of February, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

ELBERT DONALD WALKER and
RHONDA PITTS WALKER

      Debtors.

No. 13-13184
Chapter 7

**MEMORANDUM**

The objection of FirstBank to the exemptions claimed by the debtors came on for hearing on January 2, 2013. [Doc. No. 212]. Counsel for FirstBank and the debtors appeared. This court has jurisdiction based on 28 U.S.C. § 1334 and § 157(b)(2)(B). The court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, as made applicable to contested matters by Fed. R. Bankr. P. 9014. For the reasons stated below, the court overrules the objection of FirstBank to the exemption of the annuities.

    **I.**    **Facts**

Elbert Donald Walker and Rhonda Pitts Walker filed bankruptcy under Chapter 7 on June 28, 2013. On July 12, 2013, in compliance with 11 U.S.C. § 522(l), Fed. R. Bankr. P.

1

1007(b)(1)(A), and Fed. R. Bankr. P. 4003(a) they filed Schedule C, a list of their exemption claims. On the list were three annuities.[1] FirstBank has objected to the exemption of these annuities. [Doc. No. 212]. The annuities are owned by Mrs. Walker. Mr. Walker is the contingent beneficiary. The debtors claimed the annuities as exempt pursuant to Tenn. Code Ann. § 56-7-203.

The first meeting of creditors began and concluded on September 10, 2013. No objection to the exemption of the annuities was filed on or before October 10, 2013, the deadline for objecting stated in Fed. R. Bankr. P. 4003(b).

On October 18, 2013, the debtors filed an Amendment to Schedule C to add additional property as exempt. The amendment made no changes to the description of the annuities. On November 15, 2013, FirstBank filed an objection to the exemption of the annuities and provided timely notice of its objection to the debtors. [Doc. No. 212]. This objection was filed with the court within 30 days of the date of the filing of the amendment.

## II. Issue

The issue before the court is whether an amendment of the list of exemptions starts a new objection period for the entire list of exemptions claimed or only those for specific exemptions that were amended or added.

## III. Legal Analysis

Federal Rule of Bankruptcy Procedure 4003 states:

**(a) Claim of exemptions**

> A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.

---

[1] The schedule originally listed four annuities, but the debtors have represented that the fourth annuity listed did not exist, and FirstBank does not dispute this contention.

**(b) Objecting to a claim of exemptions**

(1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

(2) The trustee may file an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor fraudulently asserted the claim of exemption. The trustee shall deliver or mail the objection to the debtor and the debtor's attorney, and to any person filing the list of exempt property and that person's attorney.

Fed. R. Bankr. P. 4003(a), (b)(1)-(b)(2).

The rule states two time periods within which a party in interest, such as FirstBank, may file an objection to the list of property claimed as exempt. Whichever time period runs later would appear to be the deadline for that party in interest to object. In this case, the first time period concluded on October 10, 2013, the thirtieth day after the conclusion of the first meeting of creditors. The second time period concluded on November 27, 2013, the thirtieth day after the filing of the amendment. The latter date is November 27, and FirstBank's objection was filed on November 15, 2013, well before the later date of November 27, 2013. FirstBank asks this court to follow this analysis and find that its objection was timely.

A.     **Case Law Analysis of Rule 4003**

This straightforward application of the rule has been adopted recently by a bankruptcy court. *In re Woerner*, 483 B.R. 106 (Bankr. W.D. Tex. 2012). The argument supporting the court's conclusion has been referred to as "compelling." *In re Larsen*, No. 12-30913, 2013 WL 4525214, at *4 (Bankr. D. N.D., Aug. 27, 2013). Nevertheless, the majority of courts considering the issue of whether an amendment starts a new objection period have rejected this analysis. *See id.* (declining to reach the issue and noting that "the majority of courts that have analyzed the deadlines established by Bankruptcy Rule 4003(b)—including the Eighth Circuit Bankruptcy

Appellate Panel—have concluded that the filing of an amendment does not reopen the time to object to original exemptions not affected by the amendment"). *See In re Grueneich*, 400 B.R. 680, 684 (B.A.P. 8th Cir. 2009); *Bernard v. Coyne (In re Bernard)*, 40 F.3d 1028, 1032 (9th Cir. 1994), *cert. denied*, 514 U.S. 1065 (1995); *In re Kazi*, 985 F.2d 318, 323 (7th Cir. 1993); *In re Payton*, 73 B.R. 31, 33 (Bankr. W.D. Tex. 1987); *In re Gullickson*, 39 B.R. 922, 923 (Bankr. W.D. Wis. 1984).

One basis for rejecting the less restrictive interpretation of the rule is the Supreme Court's expression of the need for finality. Since its ruling in *Taylor v. Freeman & Kronz*, 503 U.S. 638 (1992), on the issue of whether this rule is an absolute bar to a late filed objection, the policy of finality and certainty for the debtor has won the day in the interpretation of this rule. The majority position, or what the *Woerner* court referred to as the "restrictive rule," provides that the filing of an amendment to the list of exemptions does not reopen the time to object to claims of exemptions not affected by the amendment. Two circuit courts of appeal and one bankruptcy appellate panel specifically relied on *Taylor* to reach this conclusion. *See In re Kazi*, 985 F.2d at 323; *In re Grueneich*, 400 B.R. at 684; *In re Bernard*, 40 F.3d at 1032. *Contra In re Woerner*, 483 B.R. 106. Applying the majority rule to this case, FirstBank's objection would not be timely, and the court could not consider the objection regardless of whether the exemption was claimed in good faith. *Taylor*, 503 U.S. at 638-44. *See also, Cadle Co. v. Kromer (In re Kromer)*, No. 9905040, 2000 WL 32022, at *4 (6th Cir. Jan. 5, 2000) (noting that "regardless of the merits of the exemption, a debtor's claim to exemption may not be challenged beyond Rule 4003(b)'s 30 day period.").

The *Woerner* court's argument challenged the importance placed on finality by the circuit courts which addressed this issue and focused on the plain meaning of the rule. That

argument states that the policy of "finality" should not be given such weight since the debtor's claims of exemption are not final until the end of the case. 483 B.R. at 110-11.  The court noted that the rules provide a debtor with broad rights to amend schedules, including amending the list of exemptions to add or delete items. Fed. R. Bankr. P. 1009. If an item is amended so that the debtor is no longer claiming an exemption in certain property, that property returns to the estate and may be administered for creditors. *See, e.g., In re Allen*, 454 B.R. 894, 898 (Bankr. S.D. Fla. 2011).  The minority view argues that the creditors should not be required to abide by the policy of finality when the debtor is not restrained by the same policy. *See, e.g., In re Woerner*, 483 B.R. at 111. While this "good for the goose, good for the gander" analysis does have some equitable appeal, this court does not find it persuasive in this context. The exemption rules changed with the enactment of the Bankruptcy Code. The burden to object shifted to the creditor and the benefits of claiming an exemption became automatic unless there was an objection. The Supreme Court in *Taylor* recognized the importance of certainty in the honest debtor's ability to obtain a fresh start, and this court will give greater weight to the need for finality rather than the plain meaning of the rule, especially in light of the history of this rule discussed in Part III.B. below.

     Neither the Sixth Circuit nor the Supreme Court has addressed the issue of whether the amendment of the list of exemptions claimed on Schedule C of Official Form 6, required by Rule 1007, reopens a new objection period for every item on the list even if it was not changed. The Supreme Court in *Taylor* did not have to address the issue since the list of exemptions was never amended and only one time period in the rule was applicable. *Taylor* did, however, hold that unless a party in interest objects, the property claimed as exempt on such list is exempt, quoting 11 U.S.C. § 522(l). 503 U.S. at 643. The court continued and noted that Rule 4003(b) gives the

5

trustee and creditors 30 days to object and, by implication, prohibits an objection after that period unless the court extends the deadline. Where no extension was requested and granted, "Section 522(l) therefore has made the property exempt." *Id.* The court therefore concluded that the trustee could not contest the exemption whether or not the debtor "had a colorable statutory basis for claiming it." *Id.* at 644. The court acknowledged that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.*

In 2010, the Supreme Court revisited the issue of the deadline for filing objections in *Schwab v. Reilly*, 560 U.S. 770, 130 S.Ct. 2652 (2010). It clarified its ruling in *Taylor* with respect to when the obligation to object begins to run, but recognized that providing the debtor with exemptions is part and parcel of the fundamental bankruptcy concept of a "fresh start." *Id.* at 2667. " '[T]o help the debtor obtain a fresh start, the Bankruptcy Code permits him to *withdraw from the estate* certain *interests in* property, such as his car or home, *up to certain values*.' " *Id*. (quoting *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) (emphases in original)). Although the Supreme Court in *Schwab* clarified when the obligation to object begins, it did not retreat from its prior position in *Taylor* that property was removed from the estate if no timely objection was filed. The construction proposed by the minority rule would result in all of the exempted and withdrawn property returning to the estate with each amendment whether or not that property was the subject of the amendment. This court, like the other courts adopting the majority rule, finds no basis that Section 522(l) authorizes such a result.

### B.    History of Rule 4003

The history of the rule is discussed in Collier on Bankruptcy. COLLIER ON BANKRUPTCY ¶ 4003.03[1][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). This treatise states

6

that the general rule is "normally 30 days after the date upon which the meeting of creditors held pursuant to Rule 2003(a) and section 341(a) of the Code is concluded." *Id.*

> If amendments to the list of exemptions or supplemental schedules are filed after the conclusion of the meeting of creditors, a later deadline comes in being. Rule 4003(b) protects possible objectors from being prejudiced by a late amendment by giving them 30 days from the date of the amendment to file objections. However, the new objections may go only to those exemptions affected by the amendment. The propriety of other exemptions previously finalized by the lack of a successful objection may not be reopened.

*Id.*

Collier discusses that the current bankruptcy rules reject case law which had arisen under the prior bankruptcy rules that held that exemptions became final at some point earlier than the closing of the case and could not thereafter be amended.

> These cases resulted from the fact that former Bankruptcy Rule 403 provided no opportunity to object to exemptions once the deadline for objecting to the trustee's report had passed. That problem is now obviated by Rule 4003(b), which permits objections to exemptions to be filed within 30 days of any amendment to the list of exemptions or supplemental schedules.

COLLIER ON BANKRUPTCY ¶ 4003.02[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013).

Bankruptcy Rule 403 preceded Rule 4003. The pre-Code exemption procedure involved an examination and report by the trustee of allowable exemptions and a deadline of 15 days for creditors to file objections to the trustee's reports. When the Bankruptcy Code came into existence, it dramatically changed the treatment of property of the estate and exemptions. Courts were left to fit the old rules to the procedures of the new code enacted in 1978 prior to the Bankruptcy Rules being issued in 1983. One particular problem arose when the schedules were amended after the deadlines in Rule 403 had passed. Courts were left to weigh the specific deadlines of the Rule 403 against Rule 110, carried forward in Fed. R. Bankr. P. 1009, which

7

provided for amendment as a matter of course at any time before the case is closed. In a Code world where the debtor's exemption was automatic and no trustee report was required, the deadlines of Rule 403 were hard, if not impossible to apply, especially where an amendment was involved. One court solved the problem by simply denying the debtor the right to amend the schedule of exemptions. *In re Houck*, 9 B.R. 460 (Bankr. E.D. Mich. 1981).

Collier notes that the initially proposed version of Rule 4003 did not address this issue. It was modified prior to its enactment to add the second deadline to address the situation in which there was an amendment made after the initial deadline has passed. COLLIER ON BANKRUPTCY ¶ 4003.RH[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). From this history, the treatise restates the rule as the author of the treatise believes the rule was supposed to work in light of language of 11 U.S.C. § 522(l), the history of the Code and the rule, and the need for certainty. "If amendments to the list of exemptions or supplemental schedules are filed after the conclusion of the meeting of creditors, a later deadline comes in being. However, the new objections may go only to those objections affected by the amendment." COLLIER ON BANKRUPTCY ¶ 4003.03[1][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). This interpretation of the rule admittedly minimizes the plain meaning of the language "whichever is later" contained in Rule 4003.

## IV.  Conclusion

The court concludes that the majority interpretation of the rule is the better interpretation. The exemption scheme in the Bankruptcy Code and the history of the rule support this interpretation. The filing of a bankruptcy case brings all of the debtor's property, both legal and equitable interests, into the estate. 11 U.S.C. § 541(a). The Code also permits the debtor to remove property from the estate by filing a list of property that is exempt under the law

applicable to that particular debtor. 11 U.S.C. § 522. If there is no objection, the property is exempt. 11 U.S.C. § 522(l). The property is withdrawn from the estate. Under the finality policy expressed in *Taylor*, the debtor may proceed with her fresh start with certainty of what property belongs to her as opposed to what is still subject to administration for the benefit of her creditors.

If a creditor does not think the debtor is entitled to remove the property from its reach, it may object. 11 U.S.C. § 522(l). Rule 4001(b) gives a creditor 30 days to object to a claim of an exemption listed in Schedule C. The debtor has a right to amend his schedule of exemptions up to the close of the case; if he does and there is a change in a claim of exemption or another exemption claim is added, the creditor will have another 30 days from the date of that amendment to object to the new exemption claim. Other than the specific exceptions in Rule 4003(b)(2) and (3) and (d), the majority interpretation of Rule 4001(b) gives a creditor its one chance to object to a claim of exemption. The later date for objections is there to provide an opportunity to creditors to object to exemptions regardless of when the exemption is claimed. Such an interpretation allows courts to grant a debtor's request to amend under Rule 1009 without denying a creditor its right to object to a previously unclaimed exemption.

The court overrules FirstBank's objection to the exemption of the three annuities on the basis that that the objection was filed after the deadline imposed by Rule 4003(b), and therefore it is not timely. Having found that the objection was filed beyond the deadline to object, the court does not need to address the other issues raised regarding the validity of the claim of exemption of the three annuities.

A separate order will enter.

# # #